UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**Regina L. Martinous,**

    Plaintiff,

vs.

**Windham Professionals, Inc.,
Matt Doe, alias,
Jane Does #1, alias,
John Doe, alias, and
Jane Doe #2, alias,**

    Defendants.

CA11- 111 S-

## Complaint

### Introduction

1. The Plaintiff, an individual consumer, brings this action alleging the Defendants engaged in harassing, abusive and prohibited conduct while attempting to collect a debt from the Plaintiff in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney fees under the FDCPA.

### Jurisdiction and Venue

2. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a).

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place, via the telephone, in this District.

## Parties

4. Plaintiff Regina L. Martinous is an adult resident of the municipality of East Providence, County of Providence, State of Rhode Island.

5. The Defendant Windham Professionals, Inc. (Windham) is a foreign corporation, registered with the Rhode Island Secretary of State to do business in Rhode Island.

6. The Defendant Matt Doe, alias, (Matt) a male, is an employee or agent of Windham whose true identity is unknown to the Plaintiff but known, or knowable, to Windham.

7. The Defendant Jane Doe #1, alias, (Jane #1) a female, is an employee or agent of Windham whose true identity is unknown to the Plaintiff but known, or knowable, to Windham.

8. The Defendant John Doe, alias, (John) a male, is an employee or agent of Windham whose true identity is unknown to the Plaintiff but known, or knowable, to Windham.

9. The Defendant Jane Doe #2, alias, (Jane #2) a female, is an employee or agent of Windham whose true identity is unknown to the Plaintiff but known, or knowable, to Windham.

## Facts Common To All Counts

10. At all times relevant to this Complaint, Windham was engaged in the business of regularly collecting debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

11. At all times relevant to this Complaint, Matt was engaged in the business of regularly collecting debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

12. At all times relevant to this Complaint, Jane #1 was engaged in the business of regularly collecting debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

13. At all times relevant to this Complaint, John was engaged in the business of regularly collecting debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

14. At all times relevant to this Complaint, Jane #2 was engaged in the business of regularly collecting debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

15. At all times relevant to this Complaint, Windham was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

16. At all times relevant to this Complaint, Matt was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

17. At all times relevant to this Complaint, Jane #1 was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

18. At all times relevant to this Complaint, John was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

19. At all times relevant to this Complaint, Jane #2 was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

20. Within the past year Windham placed phone calls to, and engaged in telephone conversations with, the Plaintiff while acting as a Debt Collector attempting to collect a debt from the Plaintiff.

21. Within the past year Matt placed phone calls to, and engaged in telephone conversations with, the Plaintiff while acting as a Debt Collector attempting to collect a debt from the Plaintiff.

22. Within the past year Jane #1 placed at least one phone call to, and engaged in at least one telephone conversations with, the Plaintiff while acting as a Debt Collector attempting to collect a debt from the Plaintiff.

23. Within the past year John placed at least one phone call to, and engaged in at least one telephone conversations with, the Plaintiff while acting as a Debt Collector attempting to collect a debt from the Plaintiff.

24. Within the past year Jane #2 placed at least one phone call to, and engaged in at least one telephone conversations with, the Plaintiff while acting as a Debt Collector attempting to collect a debt from the Plaintiff.

25. The debt that gave rise to the telephone calls (Debt) arose from a loan the Plaintiff took to pay for her education.

26. In February 2011, Windham, acting through its agent Matt, called the Plaintiff at her work number and left a message for asking her to call him back about an urgent matter.

27. The message did not identify the call as being from a Debt Collector.

28. The Plaintiff responded to the message and informed a female agent or employee of Windham that it had called her at work and instructed Windham not to call her there because she could not discuss the debt at work.

29. Within several days, Windham, acting through its agent Matt, again called the Plaintiff at her work number.

30. In the conversation that took place as a result, Matt told the Plaintiff that he had received the message she left telling Windham not to call her at work but that Windham would keep calling her there because that was the only phone number they had for the Plaintiff.

31. In February 2011, Jane #2 informed the Plaintiff that Windham had checked her Social Security number with her employer.

32. Windham did not check the Plaintiff's Social Security number with her employer.

33. On or about February 17, 2011, Windham, acting through its agent Matt, called a phone number belonging to the Plaintiff's sister-in-law, Sherri Ramella (Ramella).

34. Matt left a message for Ramella asking her to contact him regarding the Plaintiff.

35. In the message, Matt said the Plaintiff had listed Ramella as a reference.

36. The Plaintiff had not listed Ramella as a reference.

37. On or about Tuesday, March 1, 2011, Windham, acting through its agent Jane #1, called the Plaintiff at her job and spoke with her.

38. In that conversation, Jane #1 did not identify herself as a debt collector and did not inform the Plaintiff that any information she gave would be used to assist in collecting the debt.

39. On or about March 2, 2011, the Plaintiff retained an attorney to represent her in the Debt.

40. On March 2, 2011, Windham received a fax from the attorney stating "I represent Regina Martinous in the debt you are attempting to collect from her."

41. The fax listed the attorney's name, address, phone number, fax number and e-mail.

42. Between approximately March 7, 2011, and March 11, 2011, John called the Plaintiff at her work number and spoke with her.

43. The Plaintiff told John that she had previously told Windham not to contact her at work as he had just done.

44. John told the Plaintiff words to the effect of 'I didn't get the memo' regarding the Plaintiff's inability to discuss the Debt at work.

45. John then attempted to discuss the Debt with the Plaintiff.

46. From approximately January 1, 2011, through March 7, 2011, Windham repeatedly called the Plaintiff at her work despite knowing she was not allowed to discuss the debt at work.

47. From approximately January 1, 2011, through March 7, 2011, Windham repeatedly caused the Plaintiff's work phone to ring, and repeatedly engaged the Plaintiff in conversations.

### Count 1 – Federal FDCPA – False or Misleading Representations

48. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

49. The Defendants made false and/or misleading representations while attempting to collect the Debt from the Plaintiff.

50. The Defendants did the following which the Plaintiff asserts constituted making false and/or misleading representations:

    a. Jane #2 told the Plaintiff Windham had confirmed the Plaintiff's Social Security number with her employer;
    b. Matt left a message for Ramella stating the Plaintiff had listed her as a reference;
    c. Jane #1 failed to tell the Plaintiff that she was a Debt Collector and any information the Plaintiff gave her would be used for that purpose; and
    d. Windham failed to tell the Plaintiff that it was a Debt Collector and any information the Plaintiff gave her would be used for that purpose.

51. The conduct described in this Count violated the FDCPA, specifically 28 USC 1692(e), (e)(10) and (e)(11).

52. As a result of the conduct, the Plaintiff suffered damages including mental suffering, embarrassment and attorney fees.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

## Count 2 – Federal FDCPA – Prohibited Communication Practices

53. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

54. The Defendants engaged in unfair practices while attempting to collect the Debt from the Plaintiff.

55. The Defendants did the following which the Plaintiff asserts constituted engaging in unfair practices:

    a. Matt, John, Jane #1 and Jane #2 continued to contact the Plaintiff at a time and in a manner it knew was inconvenient for her;
    b. Matt, John, Jane #1 and Jane #2 continued to contact the Plaintiff at her job after knowing she was not allowed to receive such calls at work; and
    c. John contacted the Plaintiff after Windham knew she was represented by an attorney.

56. The conduct described in this Count violated the FDCPA, specifically 28 USC 1692(c)(a)(1), (2) and (3).

57. As a result of the conduct, the Plaintiff suffered damages including mental suffering, embarrassment and attorney fees.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

## Count 3 – Federal FDCPA – Harassment or Abuse

58. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

59. The Defendants engaged in harassing and/or abusive conduct while attempting to collect the Debt from the Plaintiff.

60. The Defendants did the following which the Plaintiff asserts constituted harassing and/or abusive conduct:

    a. Each and every one of the Defendants, by the conduct attributed to them in this Complaint, engaged in conduct the natural consequence of which was to harass, oppress or abuse the Plaintiff;
    b. Matt, John, Jane #1 and Jane #2 caused the Plaintiff's work phone to ring, and engaged in conversations with the Plaintiff, repeatedly between January 1, 2001

      and March 7, 2011, despite knowing she was not allowed to receive such calls at work;
c. Jane #1 failed identify herself as a Debt Collector; and
d. Windham failed to identify itself as a Debt Collector.

61. The conduct described in this Count violated the FDCPA, specifically 28 USC 1692(d), (d)(5) and (d)(6).

62. As a result of the conduct, the Plaintiff suffered damages including mental suffering, embarrassment and attorney fees.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 4 – Federal FDCPA – Improper Communication Third Party

63. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

64. The Defendants improperly communicated with someone other than the Plaintiff or her spouse, also known as a third party, while attempting to collect the Debt from the Plaintiff.

65. The Defendants did the following which the Plaintiff asserts constituted improper communication with a third party:

    a. Matt failed to tell Ramella that he was contacting her to confirm or correct location information for the Plaintiff;
    b. Matt failed to properly identify himself to Ramella; and
    c. Matt contacted Ramella despite having correct location information for the Plaintiff.

66. The conduct described in this Count violated the FDCPA, specifically 28 USC 1692(b)(1).

67. As a result of the conduct, the Plaintiff suffered damages including mental suffering, embarrassment and attorney fees.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

The Plaintiff,
By Counsel,

*/s/ John T. Longo*

John T. Longo, Esq./#4928
Citadel Consumer Litigation, PC
681 Smith Street, Suite 201
Providence, RI 02908
(401) 272-2177
Fax (401) 537-9185
jtlongo@citadelpc.com

**Jury Demand**

The Plaintiff demands a trial by jury on each and every count.

*/s/ John T. Longo*

John T. Longo, Esq./#4928

My File #: FD **3287**

8